## UNITED STATES
### v.
## ONE 1952 MODEL BUICK SEDAN
## MOTOR NO. 66926467.
### No. 6718.

United States Court of Appeals
Fourth Circuit.
Argued Jan. 5, 1954.
Decided Jan. 30, 1954.

Fate J. Beal, Asst. U. S. Atty., Lenoir, N. C. (James M. Baley, Jr., U. S. Atty., Asheville, N. C., on brief), for appellant.

A. Paul Kitchin, Wadesboro, N. C. (Taylor, Kitchin & Taylor, Wadesboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal by the United States from an order remitting the forfeiture of a mortgagee's interest in an automobile seized while engaged in the transportation of intoxicating liquor in violation of the internal revenue laws. It appeared that the holder of the mortgage before acquiring its interest therein made inquiry of the Director of Internal Revenue at Columbia, S. C. and received an answer that there was no record or reputation there that the owner of the automobile was a liquor law violator, but that the office did not keep a complete. file of state and local arrests or prosecutions and had no knowledge of the owner's reputation among state and local officers. Columbia, S. C., where the office of the Director of Internal Revenue is located, is within the revenue district in which the owner resides, but is a considerable distance from the county of his residence and from the county in which the automobile was purchased and the mortgage given. No inquiry was made of the law enforcement officers of either of these counties, in both of which the car owner had record and reputation as a liquor law violator. We do not think the inquiry made was sufficient to authorize the remission of the forfeiture under the statute, 18 U.S.C. § 3617(b), which provides:

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves  *  *  * (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

It is well settled that compliance with the provisions of this section is a condition precedent to remission of a forfeiture and that inquiry must be made in all of the places there specified. Wright v. United States, 4 Cir., 192 F.2d 216; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300; United States v. One 1936 Model Ford V-8 DeLuxe Coach, 4 Cir., 93 F.2d 771, 773-774. As said in the case last cited: "It is sufficient if the lienor makes inquiry at the headquarters of one of the named officials, that is, the sheriff, the chief of police, the principal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer; provided, however, that the inquiry is made of such an official (1) in the locality where the purchaser acquired his right under the contract, and (2) in the locality where the purchaser resides, and (3) in every other locality

where the lienor has made any other inquiry as to his character or financial standing."

The order appealed from, in so far as it remits the forfeiture of the mortgagee's interest in the condemned automobile, will be reversed.

Reversed.