## UNITED STATES
v.
## ONE 1949 MODEL PONTIAC COACH AUTOMOBILE, MOTOR NO. A8RH 4621.
### Civ. A. No. 1541.

United States District Court
W. D. South Carolina,
Greenwood Division.
May 26, 1954.

W. A. Bull, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

R. Aubrey Harley, Newberry, S. C., for claimant.

WYCHE, Chief Judge.

By this action the Government seeks an adjudication of forfeiture of the defendant motor vehicle because of its alleged use in the violation of Sections 3116 and 3321 of Title 26, United States Code. Claimant Security Corporation intervened in the action denying such alleged use of the motor vehicle and petitioned for remission or mitigation of forfeiture if the Court should adjudge such forfeiture. Claimant's interest in the vehicle was based upon a chattel mortgage on the vehicle given by one Alton Thomas and assigned to claimant Security Corporation.

When the case was called for trial at Greenwood, South Carolina, on May 10, 1954, claimant's attorney announced in open court that claimant did not deny the allegations of the libel as to the use of the car technically subjecting it to forfeiture, but that claimant relied only upon its claim for remission or mitigation of such admitted forfeiture. Thereupon, the case was heard by me without a jury, limited to the issue of the claim for remission or mitigation of forfeiture. After hearing testimony, I make the following

## Findings of Fact

1. Security Corporation has an interest in the defendant motor vehicle, to wit, the owner and holder of a conditional sales contract covering said motor vehicle, on which there is a balance due of $782.60, with interest, together with a reasonable amount as attorney's fee, as provided for in said conditional sales contract.

2. The interest of the claimant Security Corporation was acquired in good faith; it had at no time any knowledge, or reason to believe that the defendant motor vehicle was being, or would be used in the violation of the laws of the United States or any state relating to liquor.

3. On Nov. 8, 1953, Alton Thomas was arrested by the law enforcement officers of Newberry County, South Carolina, for transporting one quart of non-tax-paid liquor in the automobile involved in this controversy. The quart of liquor was not being removed from a distillery but was being transported not for sale but for the personal use of Alton Thomas.

4. Claimant Security Corporation did not before acquiring its interest in the defendant motor vehicle on April 4, 1953, make any inquiry at the headquarters of any law enforcement officer as to whether or not Alton Thomas, the mortgagor of the defendant vehicle, had a record or reputation for violating laws of the United States or of any state relating to liquor.

5. The said Alton Thomas did not have a record or reputation for violating the laws of the United States or of any state relating to liquor on April 4, 1953.

6. The father of Alton Thomas had a reputation for violating the laws of the United States and the State of South Carolina relating to liquor, on April 4, 1953, and for some time prior thereto, in Newberry County, South Carolina, where he and the said Alton Thomas resided, and where the claimant acquired its interest in the defendant motor vehicle.

7. The officers had a suspicion or belief that Alton Thomas was violating the laws of the United States and of the State of South Carolina relating to liquor on April 4, 1953, and for some time prior thereto in Newberry County, South Carolina, and upon such suspicion and belief searched his automobile several times but found no evidence that he was violating such liquor laws. The suspicion and belief on the part of the officers as to Alton Thomas were caused by the bad reputation his father had, and I am satisfied that the officers confused the reputation of the father and the son, and that their suspicion and belief that Alton Thomas was violating the said liquor laws were based mostly, if not entirely, upon the reputation of his father for violating such liquor laws.

## Conclusions of Law

1. Mere suspicion or belief on the part of the officers that a party is violating the liquor laws is not sufficient. United States v. Shell, 4 Cir., 212 F.2d 789.

2. I conclude, as a matter of law, that the defendant motor vehicle became and was forfeited to the United States; that the claim of Security Corporation for remission of forfeiture should be allowed; and that the defendant motor vehicle should be delivered to the claimant; and that such delivery should be made only upon payment of all expenses incident to the seizure and forfeiture incurred by the United States.