**UNITED STATES of America**

v.

**ONE 1950 MODEL BUICK, 2-DOOR SEDAN, AUTOMOBILE, Motor Number 59637105.**

**Civ. No. 555–WS.**

United States District Court
M. D. North Carolina.

Dec. 28, 1955.

644

Edwin M. Stanley, U. S. Atty., Greensboro, N. C., for plaintiff.

Wood & Bryant, Winston Salem, N. C., for defendant.

HAYES, District Judge.

This court decided in Universal Credit Co. v. United States, affirmed by the Fourth Circuit Court of Appeals, 111 F. 2d 764 that under Title 27 U.S.C.A. § 40a(b) (3), (d),* the court had no jurisdiction to mitigate the forfeiture of a mortgaged vehicle if the mortgagor, at the time of executing the mortgage and at the time the lien was acquired, in fact had a record or reputation for violating the liquor laws of the state or federal government unless the lienor proved his compliance with the three conditions enumerated in the statute. In that case the lienor got answers negativing the existence of a record, but failed to get any answers as to reputation. There was abundant evidence of the mortgagor's reputation for violating the laws in regard to liquor.

In the instant case we are confronted with the necessity of deciding what is the nature or extent of a reputation existing when the lien was acquired which must be established in order to necessitate the inquiry necessary to confer jurisdiction on the court to mitigate or remit the forfeiture. The legislative history of the Act was analyzed and approved in United States v. One 1936 Model Ford V–8, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and in United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 302.

■ No investigation is required if the mortgagor has neither a record nor reputation for violating the liquor laws of the state or federal government.

■ Here the mortgagor had a police record of conviction for violating the state law but the Chief of Police's Headquarters told mortgagee's agent that there was no police record. The mortgagee had a right to rely on this information and the actual existence of the record cannot deprive the owner of asserting its lien. Universal Credit Co. v. United States, supra; United States v. One 1936 Model Ford V–8 De Luxe Coach, 4 Cir., 93 F.2d 771.

■ The responses which the mortgagee received from Chief of Police Office did not answer as to reputation and was inadequate if reputation existed. Universal Credit Co. v. United States, supra. The inquiry does not have to be made at each designated place; one is sufficient, if complete. United States v. One 1936 Model Ford V–8 De Luxe Coach, 4 Cir., 93 F.2d 771.

■ Under the facts of this case, the response from the principal federal enforcement office at Charlotte (which embraces Forsyth County) would have justified the mortgagee in assuming that there was no record or reputation among federal officers. Federal Officer Lawson at Winston Salem reports daily to the Charlotte office and forwards all inquiries there for reply. The facts here differ greatly from those stated in United States v. One 1952 Model Buick Sedan, 4 Cir., 210 F.2d 129. Dropping a letter into the Post Office at Winston-Salem addressed to A. T. U. of North Carolina would be delivered to the A. T. U. at Winston-Salem. Lawson testified that he forwarded such inquiries to Charlotte for reply and if the person had a record or reputation he sent that information to Charlotte. It follows that the answer from the A. T. U. headquarters embodies the Winston-Salem locality where mortgagor lives and meets the test in United States v. One 1936 Model Ford, supra.

■ But the evidence here does not justify a finding that the mortgagor or vehicle had the reputation of violating the liquor laws. The evidence of Agent Lawson narrows down to a mere statement that he heard one or two A. B. C. officers say they believed mortgagor was hauling liquor on this car and had been hauling on it three or four months. One of them was with Agent Lawson on the night of the arrest and seizure. The record, however, shows that the car was not sold by the dealer to Curry Warren until December 31, 1954; that he sold it about January 15, 1955 to the mortgagor who assumed payment of Warren's mortgage

* Now covered by 18 U.S.C.A. § 3617.

and the car was seized February 9, 1955, or within twenty-four days after acquiring the car.

 In the trial of hundreds of liquor cases this court has had occasion to notice that many local officers, who are less efficiently trained than are federal officers, will loosely give a man a reputation for violating the liquor laws if he has ever been convicted of any violation whatever. Undoubtedly officers, state and federal, know by general reputation of persons engaged in the liquor business long before they are actually convicted on any count. And when such reputation exists even among officers alone, if it is extensive enough to amount to reputation in a legal sense, the court is without power to remit forfeiture in favor of an innocent lienee unless the lienee makes the inquiry and receives negative answers as to both record and reputation. United States v. One Hudson Coupe, 1938 Model, 4 Cir., 110 F.2d 300.

The reputation specified in the statute naturally implies what the word signifies in the legal terminology. 77 C. J.S., Reputation, p. 265. It is defined and pointedly distinguished from official suspicion by Judge Learned Hand in United States v. C. I. T. Corporation, 2 Cir., 1937, 93 F.2d 469 which is cited with approval in practically every circuit and by the United States Supreme Court in United States v. One 1936 Model Ford V–8 De Luxe Coach, 307 U.S. 219, at page 225, 59 S.Ct. 861, at page 864, 83 L.Ed. 1249. Our Fourth Circuit approved the doctrine that mere suspicion or belief among officers that the owner of the vehicle was violating liquor laws is insufficient to constitute reputation. United States v. Shell, 212 F.2d 789. See also United States v. One 1949 Model Pontiac Coach Automobile, D.C., 121 F.Supp. 436. Reputation means the repute generally applicable to the person or thing in issue. It is often used as being synonymous with character, although character is more accurately what one truly is, while reputation means what people generally say about a person. Moore v. United States, 5 Cir., 123 F.2d 207, at page 210.