**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1964 FORD 4-DOOR GALAXIE**
**AUTOMOBILE Serial Number**
**4A62X174064.**

**Civ. No. 2399.**

United States District Court
W. D. North Carolina,
Asheville Division.

Jan. 4, 1966.

William Medford, U. S. Atty., William M. Styles, Asst. U. S. Atty., Asheville, N. C., for the Government.

Redden, Redden & Redden, Hendersonville, N. C., for respondent, Arlene Darity.

Prince, Jackson, Youngblood & Massagee, Hendersonville, N. C., for intervenor.

WARLICK, District Judge.

This is a libel in which the government seeks a forfeiture of one 1964 Ford Galaxie, 4 Door automobile, Serial Number 4A62X174064, on account of the alleged violation of the United States Internal Revenue Laws relating to distilled spirits. The First Union National Bank of North Carolina filed an Intervention, claiming an interest in said automobile by virtue of a lien thereon. The regis-tered owner, Arlene Darity, has similarly filed an answer to the libel seeking to have such dismissed as to her and permit the return of the automobile to her, its rightful owner.

When the cause came on for hearing Arlene Darity was personally present in court though her counsel did not put in an appearance. One member was contacted and left the impression that his firm was not longer interested in their client's right to recover said automobile and thereupon would have the court determine what right if any she might have at the hearing. The First Union National Bank of North Carolina being represented by counsel offered evidence and from such evidence and that offered by the government, the following facts are found:

That on October 12, 1964, Arlene Darity, respondent, a resident of Henderson County, North Carolina, purchased from the Shipman Motor Company of South Main Street, Hendersonville, North Carolina, a Ford 4–Door 1964 Model automobile, Serial Number 4A62X174064, at a sale price of $2,662.00, making a cash payment of $1,000.00, and additionally received credit for a trade in of a 1959 Pontiac in the sum of $462.00, leaving an unpaid balance of $1,200.00, and after certain credit requirements, including both property and life insurance, and other incidentals, were added thereto, executed and delivered to the Shipman Motor Company her obligation to pay the total unpaid balance of $1,534.80, in 24 monthly installments, each in the sum of $63.95. Subsequently, on October 14, 1964 the Shipman Motor Company transferred said obligation to the First Union National Bank of North Carolina and received the cash equivalent therefor.

That the First Union National Bank of North Carolina, through its Hendersonville, North Carolina office, failed to make any inquiry with respect to the record or reputation of said Arlene Darity other than to have the Hendersonville Credit Bureau run a report on said Arlene Darity, all for the purpose of determining the credit status and liquor

reputation of said Arlene Darity, failing to make any inquiry, "at the head-quarters of the sheriff, chief of police, principal Federal-internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal-law-enforcement officer of the locality * * * ". That this report as made by the Credit Bureau indicated that she had no record or reputation, and based thereon, credit was extended and Arlene Darity's obligation was purchased from the Shipman Motor Company.

That on May 11, 1965, at approximately 8:30 o'clock in the evening, Arlene Darity transported three gallons of non tax paid whiskey in the 1964 Ford automobile described herein, from a place where concealed, to her home on Route 5, Hendersonville, North Carolina. Prior to the sale, one Everett Jenkins, an ABC Officer who was then engaged in working in an undercover capacity, had gone to the home of Arlene Darity with two other individuals and on making known their desire to purchase three gallons of whiskey, Arlene Darity together with three of her children, got into the automobile in question, drove up a roadway from her house and on returning in about five or ten minutes, took from the car three gallons of non tax paid whiskey and delivered it to the undercover agent and his companions, receiving in payment therefor the sum of $30.00. That the 1964 Ford bore the license of North Carolina E.F 7696.

That on May 28, 1965, the above described 1964 Ford automobile was seized by the Alcohol and Tobacco Tax Administrator. At the time of its seizure the note executed by Arlene Darity for the purchase of the automobile amounted to $952.74, however following its seizure deductions for unearned insurance premiums, and unearned finance charges being made, the indebtedness at this time due the Intervenor amounts to $697.47.

Arlene Darity had a record in the Henderson County Recorder's Court, a court of record, in a case numbered 2330, which resulted from her conviction for the crime of violating the North Carolina prohibition laws, under an allegation that she had in her possession for the purpose of sale approximately three quarts of non tax paid whiskey, in which case she paid a fine of $50 and the costs. This record appears in the minute docket of the Recorder's Court for Henderson County, Docket 6, Page 448.

Arlene Darity, respondent, had a reputation with Paul Z. Hill, Sheriff of Henderson County, for dealing in non tax paid whiskey. Additionally had inquiry been made at the office of James W. Bartlett, Chief ABC enforcement officer for Henderson County, that inquiry would have been answered to the effect that in such office Arlene Darity had a record for violating the liquor laws and also a reputation for dealing in non tax paid whiskey; similarly had inquiry been made of William V. Powers, Chief of Police of the City of Hendersonville, such inquiry would have been answered in the affirmative—that Arlene Darity had a reputation and a record in Henderson County for dealing in non tax paid whiskey or for liquor law violations as expressed in the affidavit.

█ Under 18 U.S.C.A. #3617, it is provided that a claimant, such as the First Union National Bank of North Carolina, in this case, seeking a remission or mitigation of a forfeiture, must prove that it (1) acquired its interest in good faith; (2) had no knowledge or reason to believe that the automobile was being or would be used in the violation of the laws of the United States or of any state relating to liquor, and (3) before acquiring its interest was informed in answer to inquiry at the headquarters of one of the designated law enforcement agencies that the purported purchaser had no record or reputation for violating laws of the United States, or any state, relating to liquor. That inquiry must be made in either the locality where the right under the contract is acquired *or* the locality in which the purchaser of the vehicle then resided. Obviously this locality is Henderson County, North Carolina. United States

v. One 1952 Model Buick Sedan, 210 F.2d 129 (4 Cir. 1954). United States v. North Carolina National Bank, 336 F.2d 248 (4 Cir. 1964).

When the charges arising from the sale of the three gallons of non tax paid whiskey came on for trial in this court at the November 1965 regular term at Asheville, a plea of guilty was interposed by her. In view of the showing made she was placed on probation and a fine was assessed.

Since the Intervenor failed to make the inquiry required prior to the time of its purchase of the obligation under investigation, one must conclude that the Ford automobile in question should be and it is hereby condemned and forfeited to the United States of America, and that the Intervenor is not entitled to a remission or mitigation of the forfeiture.

To all intents this Memorandum Opinion will constitute the Court's Findings of Fact and Conclusions of Law.

A decree will be signed carrying into effect this determination.